United States District Court
District of Massachusetts

| | |
|---|---|
| IN RE MERRIMAC PAPER COMPANY, INC., <br><br> Debtor. <br><br> MERRIMAC PAPER COMPANY, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RALPH HARRISON, <br><br> Defendant-Appellant. | Bankruptcy Appeal No. 03-40282-NMG |

ORDER OF REMAND

GORTON, J.

On November 7, 2003, the Bankruptcy Court granted partial summary judgment in favor of the plaintiff-debtor, Merrimac Paper Company, Inc. ("Merrimac" or "Debtor"), against the defendant-creditor, Ralph Harrison ("Harrison"), concluding, inter alia, that certain claims of Harrison arising from the exercise of an option under Merrimac's employee stock ownership plan should be subordinated as a matter of law. This Court affirmed the allowance of summary judgment by the Bankruptcy Court on November 10, 2004.

Harrison filed a notice of appeal from this Court, in which he challenged the equitable subordination of his claims and the corresponding transfer to the Debtor's estate of a lien he held. On August 25, 2005, the United States Circuit Court of Appeals for the First Circuit reversed the affirmance of summary judgment by this Court. It held that there was "no equitable basis for subordinating the appellant's claim under 11 U.S.C. § 510(c)(1)" and, in accordance therewith, that the transfer of Harrison's lien to the estate of the Debtor, as provided under 11 U.S.C. § 510(c)(2), was inappropriate. The Circuit Court further stated that, on account of its holding that equitable subordination was unwarranted, it "need not decide independently the propriety of the bankruptcy court's subordination of what it viewed as the appellant's separate ERISA claim under section 510(b)".

In accordance with the foregoing and as directed by the First Circuit Court of Appeals, this Court hereby remands this case to the Bankruptcy Court with instructions:

1) to reverse the grant of summary judgment in favor of Merrimac on Counts I and III,

2) to take whatever further action is necessary with respect to Count VI to comply with the opinion of the First Circuit Court of Appeals, and

3) to conduct other proceedings and/or take other actions

-2-

consistent with the opinion of the First Circuit Court of Appeals.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 21, 2005